UNITED STATES of America, Appellee,

v.

Ernest R. BROWN, Appellant.

No. 78–1812.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 27, 1979.

Decided March 5, 1979.

James W. Gallman, John William Murphy, Fayetteville, Ark., for appellant.

W. H. Dillahunty, U. S. Atty., and Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Ernest R. Brown appeals from an order of the district court [1] denying his motion to withdraw his plea of guilty to two charges of failure to file income tax returns in violation of 26 U.S.C. § 7203 (1976). On appeal, Brown contends that the district court abused its discretion in denying his motion to withdraw his plea. We affirm.

On May 23, 1978, the Government filed a two-count information charging Brown with failure to file income tax returns for the years 1972 and 1973. On June 13, 1978, Brown appeared before the district court, waived his right to counsel, and pled guilty to both counts. On July 12, 1978, the district court suspended imposition of sentence on count I, placing Brown on probation for one year, but it sentenced Brown to ninety days' imprisonment on count II.

After the sentencing but prior to his imprisonment, Brown retained counsel and filed a motion on September 27, 1978, to withdraw his guilty plea. As grounds for his motion, Brown asserted that, at the time of his plea, he did not fully understand the nature of the charges against him and that he was misled by the statement of an Internal Revenue Service (IRS) agent into believing that he would not be sentenced to prison if he pled guilty.

At a hearing on Brown's motion to withdraw his guilty plea, on October 18, 1978, Brown testified that his sole income for 1972–73 came from the 1972 sale of a farm, with payments to be received in installments over the next five years. Brown stated that at the time he believed that he need not report income from the installment sale until receipt of the final payment. He further testified that his guilty plea was motivated in part by the state-

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

ments of IRS agent William Cosgrove, who told him that, in similar cases on which he had worked, the defendants did not receive prison sentences. In rebuttal, the Government introduced Cosgrove's testimony, supported by a memorandum prepared by Cosgrove soon after his conversation with Brown. The relevant portion of that memorandum reads:

He [Brown] then asked if I thought he would have to go to jail. I told him it would depend on intelligence [the Criminal Investigation Division of the IRS], regional counsel, the U. S. Attorney, the judge and the jury. I explained the prosecution would have to be followed through to all of these parties, and that he would have to be convicted and then the Judge would determine the sentence. He asked if I had any other experience with this type of case. I told him that I had had two other cases which were prosecuted and both resulted in convictions with suspended sentences.

At the close of the hearing, the district court found that at the time of his guilty plea Brown understood the nature of the charges against him. The court also reaffirmed its conclusion that there was a strong factual basis for the plea.[2] Further, crediting Cosgrove's account of his conversation with Brown, the court found that Cosgrove had not misled Brown, but rather had answered his questions truthfully. The court concluded that Cosgrove's accurate account of his two prior cases leading to prosecution did not amount to an assurance to Brown that he would not receive a sentence of incarceration, in light of Cosgrove's clear statement that the judge would determine Brown's sentence. Therefore, the district court denied Brown's motion to withdraw his guilty plea.

Under Fed.R.Crim.P. 32(d) a post-sentence motion to withdraw a plea of guilty is permitted only to "correct manifest injustice." In *Meyer v. United States*, 424 F.2d 1181, 1191 (8th Cir.), *cert. denied*, 400 U.S.

853, 91 S.Ct. 92, 27 L.Ed.2d 91 (1970), this court stated:

The burden of proof of manifest injustice is on the petitioner and the determination of this issue is within the sound discretion of the district court and will not be interfered with on appeal in the absence of abuse of discretion.

Here the evidence supports the district court's findings that Brown understood the nature of the charges against him, that there was a strong factual basis for the guilty plea and that Cosgrove made no misrepresentation concerning Brown's potential sentence. In light of those findings, the district court did not abuse its discretion in denying Brown's motion to withdraw his guilty plea.

Accordingly, we affirm the order of the district court.

---

2.  At the time of his guilty plea, Brown accepted the Government's statement that, from the sale of the farm plus the sale of some livestock, he received income of $33,942 in 1972 and $35,820 in 1973. He also acknowledged that he had known of his obligation to file income tax returns for those years.