392 So.2d 328 (1981)
Kenneth ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-474.
District Court of Appeal of Florida, Third District.
January 6, 1981.
*329 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
Upon his nolo contendere pleas, Anderson was convicted and sentenced for violating Section 893.13, Florida Statutes (1979), by possessing (Count I) and selling (Count II) methaqualone. Anderson's nolo contendere pleas are not impediments to his claim that he could not be sentenced on both counts. Robinson v. State, 373 So.2d 898 (1979); Davis v. State, 392 So.2d 947 (Fla. 3d DCA 1980). They do, however, bar his claim that the convictions on both counts cannot stand. Davis v. State, supra.
The factual basis supporting the two violations was that the same controlled substance was possessed and sold. The offense of possession was, under these circumstances a category four lesser-included offense of the sale under Brown v. State, 206 So.2d 377 (Fla. 1968). Lesser-included offenses are excluded from the separate sentencing requirement of Section 775.021(4), Florida Statutes (1979).
Therefore, the sentence imposed on the possession count (Count I) is reversed and vacated. Williams v. State, 377 So.2d 755 (Fla. 1st DCA 1980); Drayton v. State, 372 So.2d 983 (Fla. 3d DCA 1979). Cf. Ennis v. State, 364 So.2d 497 (Fla. 2d DCA 1978) (holding that the robbery charged and proved was a category four lesser-included offense of felony murder). The judgments of conviction are affirmed.
Affirmed in part; reversed in part.