**UNITED STATES of America, Appellee,**

v.

**James H. HERZOG, Appellant.**

**No. 80–1578.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1980.

Decided March 20, 1981.

---

Douglas W. Thomson, St. Paul, Minn., for appellant.

* Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

Lynn E. Crook, Asst. U. S. Atty., James R. Britton, U. S. Atty., Gary Annear, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before LAY, Chief Judge, BENNETT,* Court of Claims Judge, and HENLEY, Circuit Judge.

HENLEY, Circuit Judge.

Appellant, James Herzog, appeals from an order of the district court[1] denying motions he made, pursuant to Rule 32(d), Fed. R.Crim.P., and 28 U.S.C. § 2255, requesting leave to withdraw pleas of guilty and nolo contendere, or, alternatively, requesting vacation of the judgments entered on those pleas. We affirm the order of the district court and deny appellant's requested relief.

In November 1978 appellant, formerly a trustee in bankruptcy, was indicted and charged in separate counts with fourteen violations of 18 U.S.C. § 153, which prohibits embezzlement by a trustee or officer. Appellant's trial was set for March, 1979, approximately four months from the time the indictment was returned. During this four-month period appellant and the government engaged in plea negotiations and a plea agreement was reached.

The agreement provided that the government would dismiss Count 4 and Counts 6–14 of the indictment in return for appellant's pleading nolo contendere to Count 1 and pleading guilty to Counts 2, 3 and 5. In addition, appellant agreed to plead guilty to an information charging him with violating 18 U.S.C. § 154, which prohibits self-dealing by a trustee.

On March 12, 1979, the scheduled trial date, the parties appeared before the district court and disclosed their plea agreement. The district court accepted appellant's pleas and entered an order dismissing Counts 7–14 of the indictment. On April 12, 1979, judgment was entered on appellant's pleas, appellant was sentenced, and Counts 4 and 6 of the indictment were dismissed.

1. United States District Court for the District of North Dakota, The Honorable Paul Benson, Chief Judge, presiding.

In May 1980, more than one year after his sentencing, appellant filed a Rule 32(d) motion, requesting leave to withdraw his pleas, and a section 2255 motion, requesting the court to vacate the judgments entered on his pleas. In support of these motions, appellant alleged in the district court and urges here (1) that the requirements of Rule 11, Fed.R.Crim.P., were not satisfied in that no adequate factual basis of guilt including criminal intent was shown and (2) that Counts 2, 3 and 5 of the indictment were multiplicious and his convictions on them violated the fifth amendment's double jeopardy clause. After hearing, the district court entered an order denying appellant's requested relief. It is from this order that appellant appeals.

■ A defendant is entitled to withdraw a guilty plea or nolo contendere plea if the trial court, in accepting the plea, failed to comply substantially with Rule 11, Fed.R.Crim.P. *See United States v. Cammisano*, 599 F.2d 851, 855 (8th Cir. 1979). Subsection (f) of Rule 11 provides that

> the court should not enter a judgment upon [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

To establish a factual basis,

> [a]n inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case.

Fed.R.Crim.P. 11 Notes of Advisory Committee on Rules (1974 Amendment). "One example in the latter omnibus category would be the taking of testimony or consideration of documentary evidence." 8 J. Moore, Moore's Federal Practice ¶ 11.03[3], at 1173 (2d ed. 1978) (footnote omitted).

■ Appellant contends that the ritual followed by the trial court failed to comport with the requirements of Rule 11(f). In establishing this, appellant bears the burden of proof. *United States v. Becklean*, 598 F.2d 1122, 1125 (8th Cir.), *cert. denied*, 444 U.S. 864, 100 S.Ct. 135, 62 L.Ed.2d 87 (1979). We agree with the district court's finding that appellant failed to carry this burden.

This is not a case where a plea was accepted after a limited inquiry of the defendant and upon the unsubstantiated assertions of an indictment. *Compare United States v. Cody*, 438 F.2d 287, 288–89 (8th Cir. 1971). Here, the trial court, prior to entering judgment on the pleas, heard testimony of three government witnesses, examined voluminous documentary evidence presented by both the government and appellant, examined the presentence report, and inquired of the appellant personally concerning the nature of the charges and the conduct in which he was alleged to have engaged. Appellant acknowledged his guilt and, when expressly asked by the court, agreed with the evidence presented by the government. This conduct, considered in light of appellant's age, experience and education, provided a sufficient basis upon which to accept his pleas. *See United States v. Brown*, 593 F.2d 351, 352 n.2 (8th Cir. 1979); *Benson v. United States*, 552 F.2d 223, 225 (8th Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977).

The trial court's procedures comported with the demands of Rule 11(f). It explored all reasonably available fact sources, as well as material presented to it concerning appellant's criminal intent. Sufficient evidence was presented to support the conclusion that appellant was guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 321, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979).

As indicated, appellant also contends that the counts of the indictment to which he entered pleas were multiplicious and, therefore, violative of his right not to be put more than once in jeopardy. More specifically, he notes that Count 1 charges misappropriation of monies in excess of $300,-000.00 between September, 1973 and June, 1978, and that each of Counts 2, 3 and 5 charges misappropriation of smaller amounts of money on different dates, each within the time period found in Count 1.

■ The district court found appellant's multiplicity challenge meritless. It stated

"Although it is not evident from the face of the indictment, the evidence received at the change of plea hearing established that each count of the indictment referred to a separate occurrence that would have required separate evidence to prove at trial." An examination of the record on appeal reveals this to be the case, and we cannot say the district court's finding on this issue is clearly erroneous. *See Kistner v. United States,* 332 F.2d 978, 980 (8th Cir. 1964); *Harris v. United States,* 237 F.2d 274, 276 (8th Cir. 1956).

■ The district court also rejected appellant's multiplicity challenge on grounds that it was precluded by his failure to raise the contention before entry of his pleas of guilty and nolo contendere. Cases from our circuit hold generally that a guilty plea waives all nonjurisdictional defects, *e. g., Camp v. United States,* 587 F.2d 397, 399 (8th Cir. 1978); *United States v. Briscoe,* 428 F.2d 954, 956 (8th Cir.), *cert. denied,* 400 U.S. 966, 91 S.Ct. 378, 27 L.Ed.2d 386 (1970), and that double jeopardy is a personal defense and not jurisdictional, *e. g., McClain v. Brown,* 587 F.2d 389, 391 (8th Cir. 1978); *Kistner v. United States,* 332 F.2d 978, 980 (8th Cir. 1964). Moreover, we have observed that defects in the indictment or questions of double jeopardy usually cannot, after conviction, be raised under section 2255. *Houser v. United States,* 508 F.2d 509, 514–15 (8th Cir. 1974).[2]

■ Rule 12(b)(2), Fed.R.Crim.P., requires that a complaint about the multiplicity of an indictment, and its inherent double jeopardy problems, be raised before trial. In the present circumstances, appellant's failure to do so acted as a waiver of that complaint. *United States v. Sheehy,* 541 F.2d 123, 130 & n.20 (1st Cir. 1976); *United States v. Conley,* 503 F.2d 520, 521 (8th Cir. 1974).

Appellant raised his multiplicity complaint for the first time more than one year after entering his pleas. He raised this complaint by direct attack via Rule 32(d) and collateral attack via section 2255. Appellant had ample time prior to entering his pleas in which to scrutinize closely the charges in the indictment and determine if they were subject to objection. He chose not to challenge the indictment, but rather to negotiate for the dismissal of numerous counts in return for his pleas. Appellant's reasons for initially pleading guilty and nolo contendere to four counts of the indictment are as valid now as they were at the time the pleas were entered. The indictment to which appellant pleaded has not changed with the passage of time.

To permit appellant to now raise his double jeopardy complaint would thwart the orderly and efficient administration of our criminal justice system, as well as make hollow the constraints imposed by Rule 12(b)(2).

> [A] claim once waived pursuant to [Rule 12(b)(2)] may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of "cause" which [Rule 12(f)] requires.

*Davis v. United States,* 411 U.S. 233, 242, 93 S.Ct. 1577, 1582, 36 L.Ed.2d 216 (1973). Appellant failed to raise his complaint timely, and made insufficient showing of cause in the district court.

We conclude that the judgment of the district court should be, and it is, affirmed.

---

2. A guilty plea alone may not always waive a claim of double jeopardy. *See Menna v. New York,* 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975). *Menna* notes, however, that a counseled guilty plea validly removes the issue of factual guilt from the case and renders irrelevant constitutional violations not logically inconsistent with factual guilt and that a double jeopardy complaint may be waived. *Id.* at n.2.