483 So.2d 420 (1986)
STATE of Florida, Petitioner,
v.
William D. JOHNSON, Respondent.
No. 66371.
Supreme Court of Florida.
February 6, 1986.
*421 Jim Smith, Atty. Gen. and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for petitioner.
Robert S. Hobbs of Harry M. Hobbs, P.A., Tampa, for respondent.
OVERTON, Justice.
This is a petition to review an en banc decision of the Fifth District Court of Appeal reported as Johnson v. State, 460 So.2d 954 (5th DCA 1984). The district court held that the trial court violated the constitutional prohibition against double jeopardy when it set aside an unconditionally accepted plea and proceeded to try and convict respondent of the originally charged offenses. The district court certified the following questions:
(1) Does a criminal conviction based upon the defendant being twice put in jeopardy for the same offense in violation of article I, section 9 of the constitution of the State of Florida, constitute a fundamental error in the trial proceedings?
(2) If so,
(a) Is the fundamental error per se harmful and reversible without a specific showing of prejudice?
(b) To be effective, must a waiver of the constitutional right, or of the fundamental error resulting from its violation, be made knowingly, intentionally and intelligently and not merely implied from silence or inaction of the defendant or his counsel?
(c) Is the fundamental error subject to correction when raised for the first time on direct appeal, in post-conviction proceedings (Florida Rule of Criminal Procedure 3.850), notwithstanding contemporaneous objection rules and harmless error statutes?
Id. at 959. We restate question (2) as follows:
(2) Does a defendant waive his right to assert double jeopardy when he fails to raise it before the trial court at the time he is again placed in jeopardy?
We answer the first question in the affirmative and the second question in the negative with the qualification that there may be limited circumstances when the assertion of the double jeopardy defense may be knowingly waived.
The respondent, William Johnson, was initially charged in a four-count information with (1) aggravated battery, a 15-year felony; (2) reckless or negligent operation of a vessel, a misdemeanor; (3) operation of a vessel while under the influence of intoxicating liquor, a misdemeanor; and (4) failure to render assistance after a collision or accident, a misdemeanor. Johnson negotiated a plea agreement with the state which provided that, in return for a maximum incarceration of 90 days, Johnson would plead nolo contendere to the offenses of culpable negligence with injury, which is a misdemeanor and a lesser included offense of aggravated battery; reckless or negligent operation of a vessel; and operation of a vessel while under the influence of intoxicating liquors, with the understanding that the state would nol pros the charge of failure to render assistance after a collision or accident.
Johnson entered pleas consistent with the agreement in open court. Before accepting the pleas, the trial court (a) inquired of Johnson as to his understanding of the proceedings and obtained his assurance that he had fully consulted with his lawyer before entering the plea; (b) inquired as to Johnson's understanding that he was waiving multiple rights by entering the plea; (c) questioned Johnson as to whether he had voluntarily entered the plea; (d) ensured that Johnson understood the penal consequences of the plea by explaining, "You are pleading no contest here to three crimes and you can receive up to ninety days in the Orange County jail as either straight time or a condition of probation *422 for these offenses"; and (e) received a narrative factual basis for the plea from the state attorney and defense counsel. The court did not question Johnson or defense counsel concerning Johnson's prior record, nor did it indicate that its acceptance of the pleas was conditional. In fact, after it accepted the pleas, the court stated:
Mr. Johnson, at this time, judgments are entered against you. Is there anything you care to tell this court or any legal cause to show why judgment should not be entered? The sentences may come later, but I am going to adjudicate you guilty of these misdemeanors today.
The trial court subsequently vacated its judgment on the grounds that a presentence investigation report revealed that Johnson had been convicted in Alabama thirteen years previously for the offense of obtaining property under false pretenses and, in addition, had received an undesirable discharge from the United States Air Force. Johnson was thereafter tried on the original charges, adjudicated guilty on the original counts, and sentenced to thirteen years' incarceration on the felony count. Johnson did not directly appeal. He brought this action as a petition for post-conviction relief under Florida Rule of Criminal Procedure 3.850 on the grounds that his sentence was imposed in violation of the double jeopardy clause of the Florida and United States Constitutions. The trial court found the motion legally insufficient. On appeal to the district court, the state acknowledged that jeopardy attached to Johnson at the time the trial judge accepted his pleas, but argued, as it does here, that Johnson was "guilty of a misrepresentation constituting good cause to set aside the pleas." We find the district court correctly rejected that assertion as groundless. Johnson was not asked for any information concerning his past record. The inquiries relied on by the state as support for its contention are designed to ensure that a defendant has provided his counsel with all information relevant to the case so that counsel can determine whether the charges are justified and whether affirmative defenses are available. These inquiries are not intended to elicit information about a defendant's past record. This record clearly reflects that the pleas were unconditionally accepted by the trial judge and that there was no direct or indirect misrepresentation by Johnson.
While the state concedes that jeopardy attached when the trial judge accepted Johnson's pleas of nolo contendere, it next argues that Johnson waived his right to raise the double jeopardy violation by not raising it at the time he was tried on these charges. We find no waiver under the circumstances of this case. The United States Supreme Court has held that the right not to be twice placed in jeopardy is "fundamental," Benton v. Maryland, 395 U.S. 784, 794-96, 89 S.Ct. 2056, 2062-63, 23 L.Ed.2d 707 (1969), and that the primary purpose of the double jeopardy clause "is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of a trial." Robinson v. Neil, 409 U.S. 505, 509, 93 S.Ct. 876, 878, 35 L.Ed.2d 29 (1973). See Sanabria v. United States, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).
We conclude that the law is clear that the claim of double jeopardy may be raised in a post-conviction relief proceeding after the second conviction, even when that conviction is the result of a guilty plea. See Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981) (double jeopardy claim not waived even though it had not been raised until federal habeas corpus proceedings were filed at the conclusion of all appeals); Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (double jeopardy claim upheld where defendant asserted claim after pleading guilty to the second charge); Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (no waiver of double jeopardy claim where claim was asserted by petition for habeas corpus after defendant pleaded guilty to the second charges). We agree with the Court of Appeals of New York that the failure to raise the defense before the second trial is more *423 equivocal than agreeing to plead guilty to the second charge, and conclude, as it did, that the failure to timely raise a double jeopardy claim does not, in and of itself, serve as a waiver of the claim. See People v. Michael, 48 N.Y.2d 1, 394 N.E.2d 1134, 420 N.Y.S.2d 371 (1979).
In the instant case, Johnson was initially charged with a felony offense but was, in accordance with his plea agreement, adjudicated guilty of a necessarily lesser included misdemeanor offense, as well as two of the originally charged misdemeanor offenses. We hold the double jeopardy clause of article I, section 9, of the Florida Constitution prohibits the state from charging Johnson again for those offenses. Because the prohibition against double jeopardy applies and the state, therefore, had no right to try Johnson "at all," the question as to whether Johnson was prejudiced by the second adjudication of guilt is not an appropriate issue for consideration in this cause. We caution that there may be limited instances in which a defendant may be found to have knowingly waived his double jeopardy rights. See United States v. Pratt, 657 F.2d 218 (8th Cir.1981); United States v. Herzog, 644 F.2d 713 (8th Cir.), cert. denied, 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981). Such a waiver, however, is not supported by the circumstances of this case.
For the reasons expressed, we approve the decision of the district court of appeal.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.