PER CURIAM.
Walker appeals from the trial court’s denial of his motion for post conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Walker contends that his counsel was ineffective in that he failed to assert two alleged errors in the calculation of Walker’s sentencing guidelines score sheet. We find that the court correctly tallied the score sheet. First, the record demonstrates that Walker was participating in the pretrial intervention program when he committed the offenses herein. Thus, the trial court correctly added thirty points to the score sheet based upon Walker’s legal status at the time of the offense. See Fla.R.Crim.P. 3.701(d)(6). Second, the court properly calculated the victim injury based upon each of the four counts of sexual battery. See The Florida Bar: *689 Rules of Criminal Procedure, 482 So.2d 311, 316 (Fla.1985); Fla.R.Crim.P. 3.701(d)(7) committee notes (“Victim injury shall be scored for each count in which victim injury is an element of the offense, whether there are one or more victims.) Therefore, the trial court did not err in rejecting Walker’s claim of ineffective assistance of counsel.
Finally,, Walker contends that the trial court sentenced him in his absence. A review of the record reveals that Walker was, in fact, present at his sentencing hearing. Though Walker was not present at a subsequent hearing at which the trial court ruled all of the mandatory minimum sentences would run consecutively, that ruling was later reversed, and his absence did not constitute error. Garcia v. State, 492 So.2d 360 (Fla.1986).
Accordingly, the order denying relief is
Affirmed.