528 So.2d 531 (1988)
Richard DUKES, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2574.
District Court of Appeal of Florida, Second District.
July 20, 1988.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Appellant raises two points on appeal. First, appellant contends that the trial court erred in convicting appellant of both sale and possession of cocaine in violation of section 893.13(1)(a)(1), Florida Statutes (1986), because both charges stemmed from possessing and selling the same piece of rock cocaine. Appellant contends that conviction of both possession and sale of the same piece of cocaine violates the double jeopardy clauses of the United States and Florida Constitutions. We agree. See Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988). We reverse and remand with instructions to vacate one or the other of appellant's convictions and to recalculate the sentence for the remaining count without the improper count being scored.
Second, appellant contends that the trial court improperly included charges to which appellant had not pled guilty in the trial court's order revoking appellant's probation. In the written order revoking probation, the trial court stated that appellant violated his probation as stated in the affidavit. The affidavit charged that appellant violated his probation because he (1) left Lee County without the consent of the probation officer; (2) possessed cocaine with intent to sell on January 2, 1987; and (3) sold and possessed cocaine on December 18, 1986. Appellant pled guilty only to the charge that he sold and possessed cocaine on December 18, 1986. He did not plead guilty to the other charges and no evidence was presented on them. The trial court erred in including the other charges in the written order of revocation. The order of revocation must be corrected to accurately reflect the trial court's findings. Revear v. State, 497 So.2d 1337 (Fla. 2d DCA 1986).
Reversed and remanded.
DANAHY and THREADGILL, JJ., concur.