562 So.2d 696 (1990)
Claro E. GUARDADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-924.
District Court of Appeal of Florida, Third District.
April 17, 1990.
Rehearing Denied July 10, 1990.
Bennett H. Brummer, Public Defender, and Louis Campbell, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Patricia Ann Ash, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and LEVY, JJ.
COPE, Judge.
Appellant Claro Guardado seeks review of the order revoking his probation and the convictions and sentences imposed. We affirm in part and reverse in part.
We affirm the revocation of probation. One of the grounds for revocation was undisputed.[*] As to the second ground, change of residence without the probation officer's consent, we conclude that the evidence was sufficient. With regard to the third ground, failure to make payments for the cost of supervision, it is true that there should have been a finding of ability to pay. See Brown v. State, 537 So.2d 180, 181 (Fla. 3d DCA 1989). However, under subsection 948.06(4), Florida Statutes (1989), inability to pay the cost of supervision is a defense which the probationer must prove by clear and convincing evidence. Guardado offered no evidence whatsoever on that issue. That being so, *697 the failure to make a specific finding was harmless.
Guardado next contends that his conviction and sentence on one of the counts, aggravated child abuse, violates the principles announced in Carawan v. State, 515 So.2d 161 (Fla. 1987). Guardado had previously pled nolo contendere to charges of attempted first degree murder, aggravated child abuse, and resisting an officer without violence. Pursuant to the plea agreement, he was adjudicated guilty of all charges. He was sentenced to one year in jail and ten years' probation for the attempted murder and aggravated child abuse charges, and was sentenced to time served on the charge of resisting an officer without violence.
Upon revocation of probation, the trial court sentenced Guardado to 22 years for attempted first degree murder and 15 years for aggravated child abuse, the terms to run concurrently. The State does not dispute that the two charges arose from the same act. Carawan is applicable here, see State v. Smith, 547 So.2d 613 (Fla. 1989), and Carawan would ordinarily impose an impediment to conviction and sentencing on both offenses where they arise from a single act.
The question presented is whether Guardado's nolo contendere plea waived his claim for relief on this appeal. Prior decisions of this court hold that the effect of a defendant's plea is to waive any claim of double jeopardy with respect to the convictions involved. Anderson v. State, 392 So.2d 328 (Fla. 3d DCA 1981); see Hines v. State, 401 So.2d 878 (Fla. 3d DCA 1981); Taylor v. State, 401 So.2d 877, 878 (Fla. 3d DCA 1981); Davis v. State, 392 So.2d 947, 949 n. 2 (Fla. 3d DCA 1980); see also Peel v. State, 150 So.2d 281, 297 (Fla. 2d DCA 1963), appeal dismissed, 168 So.2d 147 (Fla. 1964), cert. denied, 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965). Our court has held, however, that a nolo contendere plea is not an impediment to an attack on the sentences which accompany dual convictions for the same act. Anderson v. State, 392 So.2d at 329; see Davis v. State, 392 So.2d at 949 n. 2.
Guardado argues that Johnson v. State, 535 So.2d 651, 652-54 (Fla. 3d DCA 1988) allows him to attack his conviction as well as his sentence. While there is language in Johnson which can be so read, we conclude it is dictum. Johnson was denied relief under Carawan, so the question of the extent of relief was not necessary to the decision. By contrast, our court's earlier decisions in Anderson, Taylor, Davis, and Hines hold that relief will be confined to the sentence, not the conviction.
Following the authorities just cited, by virtue of the nolo contendere plea the convictions for the two offenses cannot be attacked. However, under those same authorities, it was improper to sentence Guardado on the aggravated child abuse count. Following the reasoning in State v. Barton, 523 So.2d 152, 153 (Fla. 1988), the sentence for aggravated child abuse must be reversed. Because the conviction itself will stand, it follows that the points for that offense were properly included in the scoresheet and we reject Guardado's argument to the contrary.
Guardado's next contention is that the trial court improperly included points for legal constraint when the trial court sentenced him following revocation of probation. We agree. At the dispositional hearing, a new scoresheet was prepared. The point calculation was identical in all respects to the calculation employed when Guardado originally pled nolo contendere and was placed on probation, with one exception: at the revocation stage, the trial court added 21 points for legal constraint. The defendant had not been under legal constraint at the time of his nolo contendere plea. The trial court evidently reasoned that, at the time of revocation, the defendant was on probation and therefore the scoresheet should include points for legal constraint.
Under the sentencing guidelines as applied to the present facts, the inquiry is legal constraint at the time of the original offense, not at the time of revocation of probation. Higgs v. State, 470 So.2d 75, 76 (Fla. 3d DCA 1985); Fla.R.Crim.P. 3.701(d)6. See generally Ree v. State, 14 *698 F.L.W. 565 (Fla. Nov. 16, 1989); Lambert v. State, 545 So.2d 838, 841-42 (Fla. 1989); Walker v. State, 498 So.2d 688 (Fla. 3d DCA 1986). The one-cell increase permitted by the guidelines is designed to take into account the fact that the defendant is already under supervision and has violated the terms thereof. The defendant is therefore entitled to have the scoresheet corrected by deletion of the points for legal constraint, but resentencing will not be necessary because the defendant remains within the same sentencing guidelines cell.
We therefore affirm the order of revocation of probation, the defendant's convictions, and the sentence for attempted first degree murder. We reverse the sentence for aggravated child abuse, and remand with directions to correct the scoresheet.

ON MOTION FOR REHEARING DENIED
By motion for rehearing Guardado asserts that the analysis of the double jeopardy issue is inconsistent with State v. Johnson, 483 So.2d 420 (Fla. 1986). We disagree. In that case the defendant entered a plea pursuant to a plea agreement and was sentenced accordingly. Subsequently the trial court vacated the judgment without Johnson's concurrence, because additional facts had come to light regarding Johnson's past record. Johnson was then tried on the original charges and convicted. The Florida Supreme Court held that on the facts there presented Johnson had been placed twice in jeopardy and permitted him to raise the double jeopardy issue on a claim for post-conviction relief.
Although the court ruled for Johnson, it twice stated in the opinion, "We caution that there may be limited instances in which a defendant may be found to have knowingly waived his double jeopardy rights." Id. at 423, citing United States v. Pratt, 657 F.2d 218 (8th Cir.1981) and United States v. Herzog, 644 F.2d 713 (8th Cir.), cert. denied, 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981); see also 483 So.2d at 421. Herzog and Pratt both involved the issue presented here. In Herzog the defendant entered a plea of nolo contendere to multiple counts of an indictment. Later, the defendant contended that the counts of the indictment to which he pled were multiplicitous "and, therefore, violative of his right not to be put more than once in jeopardy." 644 F.2d at 715. The court noted that the defendant "had ample time prior to entering his pleas in which to scrutinize closely the charges in the indictment and determine if they were subject to objection." Id. at 716. The court concluded hat "a guilty plea waives all nonjurisdictional defects, ... and that double jeopardy is a personal defense and not jurisdictional... ." Id. (citations omitted). On that ground, as well as others, the court denied relief. Id.; see also id. at 716 n. 2. The decision in United States v. Pratt, also relied on by the Florida Supreme Court in Johnson, is to the same effect. We therefore conclude that the approach taken in the instant case is consistent with State v. Johnson.[1] The motion for rehearing is denied.[2]
NOTES
[*] Guardado violated the condition of probation forbidding further contact with the victim.
[1] We have, however, followed our court's precedents which grant relief with respect to sentences but not conviction. Such relief was apparently not granted in Pratt and Herzog.
[2] We decline to certify conflict with Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1988), as we perceive none.