578 So.2d 515 (1991)
Jeffrey ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1680.
District Court of Appeal of Florida, Fourth District.
May 1, 1991.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Jeffrey Arnold pled nolo contendere and was adjudicated guilty of possession of cocaine with intent to deliver within 1000 feet of a school, and delivery of cocaine. He challenges those convictions and the sentences imposed as a result of those convictions.
Appellant Arnold's contention that the statute under which he was convicted is unconstitutional has already been decided *516 adversely to his position. Burch v. State, 558 So.2d 1 (Fla. 1990).
The remaining issue on appeal is whether he has twice been put in jeopardy by the dual convictions for a single act or incident. To this the state responds that it is not clear that there was but one incident and that, in any event, appellant has waived his right to challenge the convictions on double jeopardy grounds. We respectfully disagree with the state's position on both of these points.
As to whether there was a single incident: (1) at the hearing during which appellant changed his plea from not guilty to nolo contendere, the public defender stated, "Jeff Arnold is alleged to have sold a rock to an undercover Davie deputy within 1000 feet of a school." (emphasis added); and (2) in his brief appellant stated that "The factual basis for both charges was that on March 3, 1988 appellant sold one cocaine rock to an undercover deputy sheriff." Appellee stated in the facts section of its Answer Brief that "Appellee generally agrees with appellant's statement of the case and facts, with the following additions, clarification or exceptions." No reference followed to indicate disagreement with appellant's claim that only a single act was involved. Thus, we accept appellant's view.
The state next contends that appellant has waived his right to raise the double jeopardy argument by entering a plea of nolo contendere without reserving the right to appeal and by failing to raise the double jeopardy argument at the trial level. The state relies on Guardado v. State, 562 So.2d 696 (Fla. 3d DCA), rev. denied, 576 So.2d 287 (Fla. 1990), for the proposition that while appellant may challenge the sentence, he may not challenge the convictions because the plea was a waiver.
The issue is whether a plea without reservation constitutes a waiver of the right to challenge a conviction which would otherwise be constitutionally infirm under both the federal (U.S. Const. amend. V) and the Florida (Art. I, § 9, Fla. Const.) constitutions. Subsidiary issues are whether a distinction must be made between a guilty plea and a plea of nolo contendere without reservation of the right to appeal and whether the issue must be raised by collateral attack through a motion for relief under rule 3.850, Florida Rules of Criminal Procedure, or whether it may be made on a direct appeal.
Both federal and Florida case law uniformly hold that a plea does not constitute a waiver of the right to challenge an illegal sentence. Nor do the cases seem to distinguish between a "guilty" plea and a "plea of nolo contendere without reservation" in this particular context. However, see Robinson v. State, 373 So.2d 898 (Fla. 1979), for an explication of the consequences of a guilty plea on the right to a direct appeal. And in State v. Johnson, 483 So.2d 420 (Fla. 1986), the supreme court held that "the law is clear that the claim of double jeopardy may be raised in a post-conviction relief proceeding after the second conviction, even when that conviction is the result of a guilty plea." Id. at 422. The court said also that the right not to be twice placed in jeopardy was fundamental and that the primary purpose was to avoid a second trial. In the interest of brevity we will accept these premises and their implications for our present purposes and go on from there.
The general rule is that a plea is not an automatic waiver of a double jeopardy claim directed to a conviction. Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). As illustrated by Guardado, there are circumstances which will constitute a waiver. In United States v. Herzog, 644 F.2d 713 (8th Cir.), cert. denied, 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981), the court found a waiver where the defendant raised his defense in a motion for collateral relief filed more than a year after his convictions based upon three guilty pleas and one nolo contendere plea. Similarly in United States v. Pratt, 657 F.2d 218 (8th Cir.1981), the court found that the defendant impliedly waived his double jeopardy claim during negotiation of a guilty plea in exchange for the government's dropping several counts of the indictment. At the plea colloquy, the *517 defendant stated that he fully understood that these were separate crimes. Additionally, Pratt actually wanted to challenge whether the facts showed that there were separate crimes, rather than challenging the legal issue of whether the two charged crimes as defined actually addressed the same evil. The issue of factual guilt is resolved by the plea, Menna; only the legal issue is subject to challenge.
The real distinction in these cases seems to be that where two or more crimes are alleged in the charging document so that the accused knew or reasonably should have known that the charges were multiplicitous and the accused enters a counselled and knowing plea to those charges, it may be assumed that he voluntarily waived his double jeopardy claim. That is, multiplicitousness as a defense is waived by a plea. On the other hand, when the defense is based upon successive events placing the accused in jeopardy, a plea does not necessarily waive the double jeopardy offense.
If the analysis were that simple we would find waiver in all of these Carawan-spawned cases, as the third district did in Guardado. However, there is a complicating factor which is explained in Kurtz v. State, 564 So.2d 519 (Fla. 2d DCA 1990). For the sake of clarity and continuity we include the pertinent discussion here:
The double jeopardy clause, as it concerns multiple offenses presented in a single proceeding, "protects against multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425, 498 (1984); North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665 (1969). Thus, the constitutional issue is whether the order adjudicating guilt is an act of punishment or whether it is merely a non-penal, recorded public document confirming an established statutory violation. The state of course argues that the conviction is merely a document and not an act of punishment by the state. A strong argument can be made, however, that "[b]ecause a criminal conviction constitutes a formal judgment of condemnation by the community, each additional conviction imposes an additional stigma and causes additional damage to the defendant's reputation." Missouri v. Hunter, 459 U.S. 359, 373, 103 S.Ct. 673, 681-82, 74 L.Ed.2d 535, 547 (1983) (Marshall, J., dissenting). We do not need to reach this constitutional issue because it is clear that the Florida Statutes do not authorize multiple convictions in cases in which an additional punishment would be improper.
Id. at 520-21 (footnote omitted).
It makes eminent good sense to conclude, as did the second district, referring to section 775.021(4), Florida Statutes (Supp. 1988), that: "Nothing in the statute suggests that the legislature intends the judiciary to convict defendants of offenses for which no sentence can be imposed." Id. at 521.
An even stronger argument, and one which leads us finally to conclude that a plea does not constitute a waiver either of an improper conviction (constituting double jeopardy) or of an illegal sentence, is the following rationale explaining why appellate courts generally have followed the practice of vacating both the conviction and the sentence: "This is necessary under the sentencing guidelines to avoid scoring `unsentenced' convictions as additional offenses or prior offenses, and thereby impermissibly punishing the defendant." Id. at 521.
Based on the foregoing case law and rationale we hold that appellant, Arnold, did not waive the right to challenge his convictions or the sentences by entering a plea of nolo contendere without reserving his right to appeal. See Horton v. State, 573 So.2d 1004 (Fla. 4th DCA 1991).
We next address the merits of appellant's double jeopardy argument. Appellant committed his offenses in March 1988, after the supreme court decided Carawan v. State, 515 So.2d 161 (Fla. 1987), but before the effective date of the legislative override of Carawan by section 775.021(4), Florida Statutes (Supp. 1988) (effective July 1, 1988). Under Carawan, the dual convictions and sentences for possession *518 with intent to deliver and delivery of the same cocaine cannot stand. Mincey v. State, 563 So.2d 811 (Fla. 2d DCA 1990). See also State v. Smith, 547 So.2d 613 (Fla. 1989) (cannot have separate convictions for both sale and possession with intent to sell); Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988) (same), approved, Smith. Cf. State v. Burton, 555 So.2d 1210 (Fla. 1989) (cannot have separate convictions for delivery and simple possession); State v. Hatten, 560 So.2d 1172 (Fla. 1990) (cannot have separate convictions for sale and simple possession); Dukes v. State, 528 So.2d 531 (Fla. 2d DCA 1988) (same).
We therefore reverse and remand with instructions to vacate one of the two convictions and its corresponding sentence. We affirm as to appellant's first issue.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY and LETTS, JJ., concur.