610 So.2d 726 (1992)
Juan NOVATON, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1248.
District Court of Appeal of Florida, Third District.
December 29, 1992.
*727 Bennett H. Brummer, Public Defender and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Randall Sutton, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and LEVY, JJ.
SCHWARTZ, Chief Judge.
We hold here for the first time that a defendant who enters into a negotiated plea and sentence bargain with the prosecution thereby waives an otherwise viable double jeopardy objection to sentences which form a part of the agreement.
Novaton was accused in two informations of multiple violent offenses which occurred during separate incidents in 1990. As a part of a broad agreement with the state, in which it agreed, among other things, to forgo the possibility of securing a life-without-parole habitual-violent-offender sentence, Novaton agreed to plead guilty to all of the charges and to concurrent sentences totaling fifty years, subject to a fifteen year minimum-mandatory requirement. The specific sentences to be imposed as to each of the counts were accepted by the defendant as a part of a detailed plea colloquy conducted by the trial judge prior to his acceptance and implementation of the agreement. The resulting adjudications and sentences included several for the enhanced felonies of burglary, robbery, and aggravated battery with a firearm and two for the separate crimes of possessing a firearm in the commission of those same felonies. The defendant correctly points out that, as an original matter, the latter two sets of convictions and sentences are barred by the double jeopardy principles enunciated in Cleveland v. State, 587 So.2d 1145 (Fla. 1991). Benedit v. State, 610 So.2d 699 (Fla. 3d DCA 1992), and cases cited. The state counters with the argument that the defendant's bargain effected a waiver of the double jeopardy claim. We agree with that position and therefore affirm both the convictions and sentences on the possession counts.
Challenge To Convictions Waived. There is no question either that (a) as a general proposition, a right to double jeopardy protection against multiple adjudications is susceptible to a knowing waiver by the defendant,[1]Ricketts v. Adamson, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987); State v. Johnson, 483 So.2d 420, 423 (Fla. 1986); Guardado v. State, 562 So.2d 696 (Fla. 3d DCA 1990), review denied, 576 So.2d 287 (Fla. 1990); Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA 1983), pet. for review denied, 451 So.2d 850 (Fla. 1984), and that (b) in this district, a waiver of a Cleveland-type violation with respect to multiple convictions takes place when the defendant voluntarily pleads guilty to the allegedly duplicitous charges in question. Guardado, 562 So.2d at 696; Anderson v. State, 392 So.2d 328 (Fla. 3d DCA 1981). Contra Arnold v. State, 578 So.2d 515 (Fla. 4th DCA 1991); Kurtz v. State, 564 So.2d 519 (Fla. 2nd DCA 1990). We reiterate that holding here.
Challenge To Sentences Waived. The defendant, however, argues that a mere plea does not waive a challenge to dual or multiple sentences which are also precluded by the Cleveland rule. Guardado, 562 So.2d at 696; Taylor v. State, 401 So.2d 877 (Fla. 3d DCA 1981); Hines v. State, 401 So.2d 878 (Fla. 3d DCA 1981); Anderson, 392 So.2d at 328; Davis v. State, 392 So.2d 947 (Fla. 3d DCA 1980). While this observation is correct, the cases cited do not involve[2] and therefore do not apply to the present situation, in which the defendant agreed not only to plead to the offenses themselves, but also to the imposition *728 of specified sentences tendered by the state in partial consideration of its own agreement for leniency in other respects. In these circumstances, by the same token that a voluntary plea to the charge waives the double jeopardy guarantee against multiple adjudications of the "same offense," an agreement to the sentences waives the protection from multiple punishments. We have already explicitly so stated:
Prestridge now claims that double jeopardy safeguards preclude imposition of an increased sentence after the conclusion of the sentencing hearing. This principle does not pertain to Prestridge's sentence because it was the product of a plea agreement with the state. [e.s.]
Prestridge v. State, 519 So.2d 1147, 1148 (Fla. 3d DCA 1988); see also Ricketts, 483 U.S. at 1, 107 S.Ct. at 2680, 97 L.Ed.2d at 1; United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); Dermota v. United States, 895 F.2d 1324, 1325 (11th Cir.1990) ("plea agreement in exchange for which the government dismissed eight counts" waives double jeopardy objection to consecutive sentences for crimes which "arose out the same transaction and constitute a single offense"), cert. denied, 498 U.S. 837, 111 S.Ct. 107, 112 L.Ed.2d 78 (1990); Rodriguez, 441 So.2d at 1129 (waiver of protection from increase in sentence upheld).
In many other contexts as well, this court and others have upheld otherwise arguably defective sentences when they have been voluntarily accepted by the defendant as part of a mutually advantageous agreement with the state.[3] See, e.g., Jacobs v. State, 522 So.2d 540 (Fla. 3d DCA 1988) (denial of motion to correct allegedly illegal sentences affirmed as part of negotiated plea), review denied, 531 So.2d 1353 (Fla. 1988); Preston v. State, 411 So.2d 297, 298-99 (Fla. 3d DCA 1982) (defendant who should have been sentenced as a youthful offender but was placed on probation "waived his right to question the legality of a probation which he has enjoyed and violated"), petition for review denied, 418 So.2d 1280 (Fla. 1982); Smith v. State, 345 So.2d 1080, 1082 (Fla. 3d DCA 1977) (sixteen-year-old defendant estopped from challenging probation after violation when she had given a false age and was sentenced as an adult; "[s]he accepted the benefits of probation and had one of the counts against her dropped as part of the plea negotiations"), cert. denied, 353 So.2d 678 (Fla. 1977); see also Johnson v. State, 458 So.2d 850, 851 (Fla. 2d DCA 1984) ("Because Johnson was bound by her contract, we affirm the sentence."); Bell v. State, 453 So.2d 478, 480 (Fla. 2d DCA 1984) (plea bargains are encouraged and defendant "bound by his contract"). See generally Madrigal v. State, 545 So.2d 392, 394 (Fla. 3d DCA 1989), and cases collected. Having accepted its benefits by avoiding a life sentence without parole, Novaton cannot, any more than any other contracting party, be relieved of the burden of his contract.[4] See Madrigal, 545 So.2d at 395.
Novaton also claims that a minimum mandatory term may not be required in a habitual offender sentence imposed for a first degree felony punishable by life. This contention is wholly without merit. See Burdick v. State, 594 So.2d 267 (Fla. *729 1992); Young v. State, 600 So.2d 24 (Fla. 3d DCA 1992).
Affirmed.
NOTES
[1] The rule is otherwise as to the separate double jeopardy right to protection against a successive prosecution after a finding of not guilty. See infra note 3. See generally Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); Scalf v. State, 573 So.2d 202 (Fla. 1st DCA 1991).
[2] These cases either do not indicate there was an agreement to the sentences or affirmatively show that there was none. Thus, in Guardado, the sentences we vacated were imposed upon the revocation of the probation granted when Guardado originally pled to the duplicitous charges in question.
[3] A waiver cannot be effective, however, when the sentence in question is "void," Rodriguez, 441 So.2d at 1129, that is, for example, to the extent it exceeds the statutory limit, Ruiz v. State, 537 So.2d 682 (Fla. 3d DCA 1989), when the court lacks jurisdiction over the case itself, see Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977), or  in the double jeopardy context  when, after an acquittal, the state has lost the power to prosecute a particular charge again. See Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Sentences like the present ones, which involve a violation of the rule against multiple convictions or sentences, are not "void" within the meaning of this principle. See Dermota, 895 F.2d at 1326; United States v. Pratt, 657 F.2d 218 (8th Cir.1981), cited with approval in State v. Johnson, 483 So.2d at 423; Rodriguez, 441 So.2d at 1129.
[4] We note that, if we ruled otherwise, the defendant might well be confronted with the choice of unraveling the entire agreement and facing possible consequences he obviously wishes to avoid. See Prestridge v. State, 519 So.2d at 1147.