PER CURIAM.
We reverse an order denying, without a hearing, Appellant’s petition under rule 3.850, Florida Rules of Criminal Procedure.
We are unable to resolve the issues addressed on the record before us. On remand, the trial court may either conduct an evidentiary hearing on Appellant’s ineffective assistance of counsel claim, allow Appellant to withdraw his plea, or attach portions of the transcript and record reflecting a knowing waiver of Appellant’s right to appeal issues concerning his plea to possibly multiplicitous counts. See, e.g., Arnold, v. State, 578 So.2d 515 (Fla. 4th DCA 1991); Guardado v. State, 562 So.2d 696 (Fla. 3d DCA), rev. denied, 576 So.2d 287 (Fla.1990). See also United States v. Pratt, 657 F.2d 218 (8th Cir.1981). We do not at this time address the validity of Appellant’s double jeopardy claim. Compare United States v. Herzog, 644 F.2d 713 (8th Cir.), cert. denied, 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981), with Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).
GLICKSTEIN, C.J., and STONE and KLEIN, JJ., concur.