634 So.2d 607 (1994)
Juan NOVATON, Petitioner,
v.
STATE of Florida, Respondent.
No. 81183.
Supreme Court of Florida.
March 24, 1994.
Bennett H. Burmmer, Public Defender, and Louis Campbell, Asst. Public Defender, Eleventh Judicial Circuit, Miami, Florida, for petitioner.
Robert A. Butterworth, Atty. Gen., and Randall Sutton, Asst. Atty. Gen., Miami, for respondent.
*608 OVERTON, Justice.
This is a petition to review Novaton v. State, 610 So.2d 726 (Fla. 3d DCA 1992), in which the district court held that, when Juan Novaton entered into a bargained plea of guilty to multiple charges and to the sentences for those charges, he waived double jeopardy objections to the sentences that formed part of that plea agreement. The district court acknowledged that language in its opinion conflicted with Arnold v. State, 578 So.2d 515 (Fla. 4th DCA 1991), and Kurtz v. State, 564 So.2d 519 (Fla. 2d DCA 1990). We find that we have jurisdiction[1] and we approve the district court decision in the instant case.
The relevant facts reflect that Novaton was charged with multiple violent offenses arising from two separate incidents in 1990. Because he had two prior felony convictions, Novaton faced the possibility of being treated as a habitual violent felony offender and a probable sentence of life in prison without parole. Recognizing this possibility, Novaton entered into a plea bargain in which the State "agreed, among other things, to forgo the possibility of securing a life-without-parole habitual-violent-offender sentence [and] Novaton agreed to plead guilty to all of the charges and to [accept] concurrent sentences totaling fifty years, subject to a fifteen year minimum-mandatory requirement." Novaton, 610 So.2d at 727. All of the charges and sentences included in the plea agreement were part of the colloquy between Novaton and the trial judge, and Novaton specifically agreed to plead guilty to the charged offenses and to the sentences imposed. As a result of this plea bargain, Novaton was adjudicated guilty and sentenced for enhanced felonies of burglary, robbery, and aggravated battery with a firearm and, in addition, was adjudicated guilty and sentenced for two separate crimes of possessing a firearm in the commission of the same felonies. These latter two sets of convictions and sentences would ordinarily be barred by the double jeopardy principles set forth in our recent decision in Cleveland v. State, 587 So.2d 1145 (Fla. 1991).
On appeal, the district court found "a waiver of a Cleveland-type violation with respect to multiple convictions takes place when the defendant voluntarily pleads guilty to the alleged duplicitous charges." Novaton, 610 So.2d at 727. With regard to the sentence, the district court acknowledged that "a mere plea does not waive a challenge to dual or multiple sentences." Id. The district court found that the situation in this case was different because "the defendant agreed ... to the imposition of specified sentences tendered by the state in partial consideration of its own agreement for leniency in other respects." Id. at 727-28. The district court stated: "[A]n agreement to the sentences waives the protection from multiple punishments," and explained that it had "upheld otherwise arguably defective sentences when they have been voluntarily accepted by the defendant as part of a mutually advantageous agreement with the state." Id. at 728 (citing Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989); Jacobs v. State, 522 So.2d 540 (Fla. 3d DCA), review denied, 531 So.2d 1353 (Fla. 1988); Preston v. State, 411 So.2d 297 (Fla. 3d DCA), review denied, 418 So.2d 1280 (Fla. 1982); Smith v. State, 345 So.2d 1080 (Fla. 3d DCA), cert. denied, 353 So.2d 678 (Fla. 1977)). In its final conclusion, the district court noted: "Having accepted its benefits by avoiding a life sentence without parole, Novaton cannot, any more than any other contracting party, be relieved of the burden of his contract." Id.
The district court expressly noted in its decision that the Fourth District Court's decision in Arnold and the Second District Court's decision in Kurtz were contrary to its position in this case. In Arnold the defendant had pleaded nolo contendere to a charge of possession of cocaine and a separate charge of delivery of cocaine. The district court determined that these charges violated the defendant's double jeopardy rights and ordered that one of the convictions be vacated. The State claimed on appeal that, even if the charges amounted to double jeopardy, the defendant had waived his double jeopardy claim when he pleaded nolo contendere. The district court, however, rejected the *609 State's argument, stating: "[A] plea does not constitute a waiver either of an improper conviction ... or of an illegal sentence." Arnold, 578 So.2d at 517.
In Kurtz, the defendant had entered a plea of nolo contendere to the charges of DUI manslaughter, manslaughter with culpable negligence, and DUI. The trial judge adjudicated him guilty on all three charges but sentenced him only on the DUI manslaughter conviction. Kurtz reserved the right to appeal the trial judge's ruling that he could be adjudicated guilty of all three charges arising out of a single traffic accident. The district court affirmed Kurtz's DUI manslaughter conviction and sentence, but reversed his adjudication of guilty for manslaughter with culpable negligence and held that trial courts are not permitted to enter an adjudication of guilty for an offense when a sentence could not be legally imposed for that same offense.
Arnold and Kurtz conflict with the instant case because of the express statement that a plea does not a constitute a waiver. We find, however, that the district court decisions in Novaton, Arnold, and Kurtz are all correctly decided on the facts of each of those cases. The language in Arnold and Kurtz must be qualified to reflect that it does not apply to a plea bargain. The facts in Arnold and Kurtz are distinguishable from the facts in this case. Novaton did not merely enter a plea to the charges brought against him. Rather, the record reflects that Novaton entered into a plea bargain with the State to eliminate the possibility of being sentenced to life without parole as a habitual violent felony offender. As part of that bargain, Novaton agreed to each individual sentence, as well as to the total sentence, a total that was clearly less than that which he could have received absent this bargained plea. We note that the offenses that he claims violate the double jeopardy clause would not have affected his adjudication as a habitual violent felony offender and his sentence of life without parole. Further, Novaton neither requests that the agreement be vacated nor claims that it was invalid because it was not voluntarily and intelligently entered into.
The general rule is that a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence. United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation. In Kurtz and Arnold, those district courts of appeal found, with regard to a general nolo contendere plea, patent double jeopardy violations and no waiver. We find that, because the plea in the instant case was bargained for, Novaton's situation is clearly distinguishable from Arnold and Kurtz. Under the circumstances of this case, where Novaton entered into a bargained plea with the State, we find that Novaton waived any double jeopardy claim that may affect either his convictions or his sentences under article I, section 9, of the Florida Constitution. Further, we find no violation of the Fifth Amendment to the United States Constitution. See United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), and the decisions in United States v. Pratt, 657 F.2d 218 (8th Cir.1981), and United States v. Herzog, 644 F.2d 713 (8th Cir.), cert. denied, 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981).
Accordingly, while we approve the district court's decision in this case, we disapprove the statement that an unbargained plea waives the right to attack multiple convictions on double jeopardy grounds. We disapprove the decisions in Arnold and Kurtz only to the extent that the language in those decisions would be construed to apply to pleas entered into as part of a bargained agreement, but we approve those decisions as to the pleas entered in each of those cases.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.