# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-3425

———————————————

United States of America

*Plaintiff - Appellee*

v.

Donald Kills Warrior

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota

——————————

Submitted: October 22, 2024
Filed: February 18, 2025

——————————

Before LOKEN, SMITH, and GRASZ, Circuit Judges.

——————————

GRASZ, Circuit Judge.

A grand jury indicted Donald Kills Warrior for failing to register as a sex offender. *See* 18 U.S.C. § 2250(a). Kills Warrior moved for his case to be dismissed, arguing his successive prosecutions in tribal and federal court put him in double

jeopardy in violation of the Fifth Amendment. The district court[1] denied his motion. In this appeal, Kills Warrior challenges the district court's denial of his motion to dismiss on the same double jeopardy issue. We affirm.

## I. Background

Donald Kills Warrior is an enrolled member of the Oglala Sioux Tribe. In 2007, Kills Warrior engaged in sexual contact with a child under twelve years old within the exterior boundaries of the Pine Ridge Reservation and was convicted in Oglala Sioux Tribal Court for sexual assault. In 2008, Kills Warrior was prosecuted for the same conduct in federal court. He pled guilty and entered into a plea agreement, waiving all defenses and the right to appeal any non-jurisdictional issues, and preserving his right to appeal any district court decision to impose a sentence above the United States Sentencing Guidelines Manual (Guidelines) range. As a result of his federal conviction, Kills Warrior was required to register as a sex offender under the Sex Offense Registration and Notification Act (SORNA).

In 2022, a grand jury indicted Kills Warrior for failing to register as a sex offender. Kills Warrior moved for dismissal, arguing that his initial federal conviction for sexual assault was invalid and he therefore had no obligation to register as a sex offender. He alleged his initial conviction violated his right against double jeopardy because his tribal court conviction and federal court conviction were based on the same conduct. *See* U.S. Const. amend. V. The district court denied Kills Warrior's motion to dismiss, concluding no double jeopardy violation existed. In its denial, the district court relied on the dual-sovereignty doctrine and the Oglala Sioux Tribe's inherent authority to prosecute for crimes committed on the reservation. Kills Warrior pled guilty to failing to register as a sex offender and entered into a plea agreement, preserving his right to appeal the district court's

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, now retired.

decision on his motion to dismiss. Kills Warrior now appeals and asks this court to reverse and instruct the district court to vacate his failure to register conviction.

## II. Analysis

The government argues that Kills Warrior's appeal of his failure to register conviction is not properly before us because he is attempting to vacate his underlying sexual assault conviction through an improper collateral attack. Kills Warrior's brief focuses on his initial sexual assault convictions, not the failure to register as a sex offender conviction that he now appeals. His main objective on appeal appears to be to vacating his initial sexual assault conviction. At least one circuit has explained that "SORNA is similar in structure to the statutes that the Supreme Court has held do not authorize collateral attacks of predicate convictions . . . ." *United States v. Diaz*, 967 F.3d 107, 109–10 (2d Cir. 2020). However, we need not decide whether SORNA permits a collateral attack[2] because, as the government further argues, Kills Warrior's jeopardy claim fails under the dual sovereignty principle.

The "dual-sovereignty principle applies where 'two entities derive their power to punish from wholly independent sources.'" *Denezpi v. United States*, 596 U.S. 591, 598 (2022) (quoting *Puerto Rico v. Sanchez Valle*, 579 U.S. 59, 68 (2016)). "Indian tribes . . . count as separate sovereigns under the Double Jeopardy Clause," when their power to prosecute is not attributable to any delegation of federal authority. *Sanchez Valle*, 579 U.S. at 70. As such, a tribal member can be prosecuted by both the tribe and the federal government for the same conduct. *See id. See also United States v. Wheeler*, 435 U.S. 313, 329–30 (1978) ("Since tribal

---

[2]Neither do we resolve whether Kills Warrior waived his double jeopardy challenge when he pled guilty to the federal offense. *Compare United States v. Herzog*, 644 F.2d 713, 716 (8th Cir. 1981) ("Cases from our circuit hold generally that a guilty plea waives all nonjurisdictional defects . . . and that double jeopardy is a personal defense and not jurisdictional."), *with United States v. Vaughan*, 13 F.3d 1186, 1187–88 (8th Cir. 1994) (explaining Supreme Court precedent dictates a guilty plea may foreclose a double jeopardy claim *unless* it is clear from the face of the record that the court had no power to enter conviction or impose a sentence).

and federal prosecutions are brought by separate sovereigns, they are not 'for the same offence,' and the Double Jeopardy Clause thus does not bar one when the other has occurred."). Because the Oglala Sioux Tribal Court exercised its inherent tribal authority when it prosecuted Kills Warrior, the federal government's later prosecution for the same conduct did not violate the double jeopardy clause.

## III. Conclusion

For the foregoing reasons, we affirm the district court's denial of Kills Warrior's motion to dismiss.

_____