PER CURIAM.
 

 The defendant appeals an order summarily denying his motion for post conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse in part.
 

 The defendant was sentenced pursuant to a written negotiated plea agreement that did not mention habitual sentencing or restitution. In the rule 3.850 motion, he sought to withdraw his plea for a number of reasons. In the order to show cause, this court asked the state to address the allegation that defense counsel never advised the defendant of the sentence he would receive or that he would have to pay restitution. He alleged that neither the plea form nor colloquy established he agreed to be sentenced to ten years as a habitual felony offender for each offense. He also alleged he was not provided with notice, a hearing, or evidence concerning restitution. The state agrees that these grounds should be remanded to the trial court for further consideration and possibly an evidentiary hearing.
 

 To the extent the trial court on remand may determine that the motion is facially insufficient for failing to expressly allege
 
 *773
 
 that, but for the alleged errors, the defendant would not have entered the plea, the defendant should be given at least one opportunity to reffle his motion to correct the insufficiency, if he can do so in good faith.
 
 See Spera v. State,
 
 971 So.2d 754 (Fla.2007);
 
 Williams v. State,
 
 844 So.2d 700 (Fla. 2d DCA 2003).
 

 Accordingly, we reverse and remand the summary denial in part. We affirm the summary denial as to the balance of the motion.
 

 Affirmed in part, reversed in part, and remanded.
 

 POLEN, STEVENSON and MAY, JJ., concur.