PER CURIAM.
 

 Appellant Larry Runge appeals the trial court’s order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Runge raised ten separate claims in his motion, but in his appellate brief, he appears to have abandoned his tenth claim where he argued ineffective assistance of trial counsel for failure to claim entitlement to jail credits for time served in Dade County and King County Jails. We affirm the trial court’s denial of the tenth claim without prejudice to Runge’s right to seek any relief available on that issue under Florida Rule of Criminal Procedure 3.800(a). However, we reverse and remand the trial court’s summary denial of Runge’s nine remaining claims for the reasons below.
 

 The trial court’s order denying post-conviction relief was based on the State’s response, which contained arguments that, at least some, if not all of the claims, were conclusively refuted by portions of the record. However, no portions of the record were actually attached to the State’s response or the trial court’s order adopting the State’s reasons as grounds for the summary denial. The State is not permitted to supplement the record on appeal by filing the relevant portions of the record directly in this Court.
 
 Hastings v. State,
 
 670 So.2d 1176, 1177 (Fla. 4th DCA 1996).
 

 Moreover, the State’s response, on which the trial court relied, included arguments that some of the claims were legally and factually insufficient. We agree with Runge’s argument that the trial court erred to the extent that it summarily denied his claims as legally insufficient without giving him an opportunity to amend them to cure any pleading defects.
 
 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007).
 

 Finally, the trial court’s order did not address any of the claims raised with any degree of specificity. Even the State’s response addressed some claims by number and others more broadly as either legally insufficient or refuted by the record. As such, we cannot determine the precise grounds assigned by the trial court for its denial of the specific grounds in question. Accordingly, as to the nine claims remaining, we reverse and remand for the trial court to either grant leave to Runge to amend any particular claims under
 
 Spera,
 
 or deny specified claims as refuted by the record with supporting record attachments.
 

 Affirmed in Part; Reversed and Remanded in Part.
 

 TAYLOR, DAMOORGIAN and LEVINE, JJ., concur.