VILLANTI, Judge.
Michael W. Rogers appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We reverse as to ground four and remand for further proceedings, and we affirm without further comment grounds one through three.
On March 14, 2011, Rogers entered a guilty plea to several second- and third-degree felonies in various cases. Of particular importance here are case numbers 10-21122CF and 10-19807CF, each of *961 which contains a charge of felonious possession of a firearm for which Rogers received concurrent terms of twenty-five years’ imprisonment as a habitual felony offender (HFO).
In ground four of his rule 3.850 motion, Rogers alleged that his counsel was ineffective for failing to move to dismiss surplus charges of felonious possession of a firearm and failing to notify Rogers that the two cases charged the same offense, contained the same facts, and came from the same police report. Specifically, Rogers claimed that a careful review of the information shows that the felonious possession charge in case number 10-21122CF is based on the same facts as the corresponding charge in case number 10-19807CF. Rogers claimed that had he known of these double jeopardy violations or had his counsel taken the proper action to prevent them, he would not have entered a plea and instead would have gone to trial.
The postconviction court denied this claim, finding that a guilty plea and adjudication of guilt preclude a later double jeopardy attack. See Novaton v. State, 634 So.2d 607, 609 (Fla.1994). However, as Rogers pointed out in his motion for rehearing and brief, Novaton does not preclude a double jeopardy attack framed as a claim of ineffective assistance of counsel resulting in an involuntary plea. See Tapp v. State, 44 So.3d 666, 667 (Fla. 2d DCA 2010).
The postconviction court also relied on the record in denying this claim. Specifically, this issue was raised by Rogers’ counsel at the plea hearing, at which time the State explained that the felonious possession charge in case number 10-21122CF related to the date on which the firearm was stolen, August 26, 2010, and the same charge in case number 10-19807CF related to the date on which Rogers subsequently pawned the same firearm, August 31, 2010. The State explained that “[fit’s punishable as a separate felony for each separate day he has it,” and Rogers’ counsel did not contest this assertion. However, felonious possession of a firearm is a continuing crime. See United States v. Jones, 533 F.2d 1387, 1392 (6th Cir.1976). As such, each period of uninterrupted possession of the same firearm, regardless of length, is punishable only once. See Bailey v. State, 637 So.2d 333, 335 (Fla. 2d DCA 1994). Here, the record does not refute that Rogers “committed only one offense because of his continuous and uninterrupted possession of the same weapon.” Jones, 533 F.2d at 1390. Thus, while the State may arguably be correct that each day constitutes a different possession as a matter of historical fact, as a matter of law, Rogers committed only one offense.
Accordingly, we reverse the postconviction court’s denial of ground four and remand for the court to either attach portions of the record conclusively refuting Rogers’ claim or hold an evidentiary hearing.
Affirmed in part; reversed in part; remanded.
CASANUEVA and DAVIS, JJ., Concur.