[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13469
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00478-JSM-PRL

JASON A. CALHOUN,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 23, 2015)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jason A. Calhoun, a Florida prisoner, appeals denial of his habeas petition

under 28 U.S.C. § 2254.  We affirm.

# I.    BACKGROUND

A.    Crimes and Plea

Calhoun was the defendant in three state-court proceedings, in which he was charged with a total of 20 crimes.  Of relevance to this appeal, in one of those cases, No. 2008-CF-1846, Calhoun was charged with four counts: (1) burglary of a structure with a firearm that discharged, in violation of Fla. Stat. §§ 810.02(1), 810.02(2)(b), and 775.087(2)(a)(2) (Count I); (2) possession of a firearm while engaged in a criminal offense, burglary, in violation of Fla. Stat. § 790.07(2) (Count III); (3) possession of a firearm by a convicted felon, in violation of Fla. Stat. §§ 790.23 and 775.087(2)(a)(1) (Count V); and (4) possession of ammunition by a convicted felon, in violation of § 790.23(1) and (2) (Count VI).  According to the charging information, all four offenses occurred on May 28, 2008, in Lake County, Florida.

In case No. 2008-CF-1846, the state filed a notice that Calhoun qualified as a prison-releasee reoffender, enabling the state to seek the imposition of a mandatory-minimum sentence under Fla. Stat. § 775.082.  At a change-of-plea hearing, the state alleged that, if Calhoun were found guilty at trial, he would face a mandatory-life sentence, because he was a prison-releasee reoffender.  At that same hearing, Calhoun pled nolo contendere to 17 of the 20 crimes, including Counts I, III, V, and VI, under a plea agreement; the state judge confirmed

2

Calhoun had not been coerced or threatened. The plea agreement also stated no person had used any threats, force, pressure, or intimidation to induce him to plead nolo contendere. Calhoun was sentenced to 20 years of imprisonment.

B.    Fla. R. Crim. P. 3.850 Proceedings

Calhoun filed a counseled motion for post-conviction relief in state court, pursuant to Fla. R. Crim. P. 3.850. In a general statement-of-facts section in his Rule 3.850 motion, Calhoun represented his counsel had pressured him into entering the plea agreement and told him he could withdraw the plea after entering it. Calhoun further stated the same day he entered into the plea agreement, he sent his trial counsel a letter requesting the counsel move to withdraw the plea, but no motion was filed. In the argument section of his Rule 3.850 motion, Calhoun stated generally a defendant, who received no advice from counsel about an available defense, had a colorable claim his plea was involuntary. Pursuant to state case law, Calhoun argued his simultaneous convictions of Count I (burglary of a structure with a firearm) and Count III (possession of a firearm while engaged in a criminal offense) violated double jeopardy principles. He further argued his simultaneous convictions of Count V (possession of a firearm by a convicted felon) and Count VI (possession of ammunition by a convicted felon) violated double jeopardy principles under state case law. Regarding both double jeopardy claims, Calhoun argued explicitly his trial counsel had rendered ineffective

3

assistance in failing to move to dismiss the allegedly problematic crimes, Counts III and VI.

The state judge denied Calhoun's Rule 3.850 motion without an evidentiary hearing. The judge determined Calhoun had waived any double jeopardy objections by entering into a plea agreement. Therefore, the judge did not conduct an analysis under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), to determine whether Calhoun's trial counsel had rendered ineffective assistance. Calhoun appealed the denial of his Rule 3.850 motion to the state appellate court, which summarily affirmed the denial.

## C.    28 U.S.C. § 2254 Proceedings

In his § 2254 petition and supporting memorandum, Calhoun again argued his plea counsel had rendered ineffective assistance by failing to inform him his simultaneous convictions of Counts I and III, and Counts V and VI, respectively, were barred by double jeopardy principles. He stated he would not have pled nolo contendere to the allegedly problematic counts had counsel advised him of the available double jeopardy defenses.

The district judge determined Calhoun had waived his claims by entering a valid nolo contendere plea. Alternatively, the judge concluded Calhoun's claims would fail, even if examined on the merits. Regarding the first double jeopardy claim, concerning Counts I and III, the judge determined Calhoun had failed to

4

demonstrate a double jeopardy violation; consequently, he had failed to show ineffective assistance of counsel, because Counts I and III required proof of different elements.  Concerning the second double jeopardy claim, regarding Counts V and VI, the judge explained, even if Calhoun had shown his counsel had performed deficiently, he could not show prejudice, because he would have faced a prison sentence of 20 years, even if Count VI were dismissed.  The judge also found Calhoun's sentence would have been the same, even if Count III were dismissed.  Therefore, the end result of the proceeding would have been the same, because Calhoun had failed to show prejudice.

With counsel, Calhoun has appealed the district judge's decision.  In this court, Calhoun was granted a certificate of appealability ("COA") for the following issues:

> (1) Whether . . . Calhoun's defense counsel was ineffective for failing to advise Calhoun that he could raise a double jeopardy defense to the charges in the indictment for burglary of a structure with a firearm (Count I in Case Number 2008-CF-001846), and possession of a firearm while engaged in a criminal offense (Count III in Case Number 2008-CF-001846)?
>
> (2) Whether . . . Calhoun's defense counsel was ineffective for failing to advise Calhoun that he could raise a double jeopardy defense to the charges in the indictment for possession of a firearm by a convicted felon (Count V in Case Number 2008-CF-001846), and possession of ammunition by a convicted felon (Count VI in Case Number 2008-CF-001846)?

## II.    DISCUSSION

A.    Calhoun's Guilty Plea Waived His Claims

On appeal, Calhoun first argues the district judge erred in determining he waived his claims by pleading nolo contendere.  The state responds Calhoun has not attacked the voluntary nature of his plea; consequently, he has waived his ineffective-assistance claims, because he did not allege his plea was involuntary for his counsel's ineffective assistance.

We review de novo a district judge's denial of a § 2254 petition.  *Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003).  Appellate review is limited to the issues specified in the COA.  *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).  Writs of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" those proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the" United States Supreme Court.  28 U.S.C. § 2254(d)(1).  Where a state judge did not resolve the merits of a § 2254 petitioner's claim, however, no deference under § 2254(d)(1) is owed.  *See Davis*, 341 F.3d at 1313 (concluding the state judge failed to address the petitioner's claim on the merits, resulting in no § 2254(d)(1) deference, where he raised a claim his counsel had failed to preserve

6

a *Batson*[1] challenge, and the state judge construed the motion as resting on an assertion that counsel failed to raise the *Batson* challenge).

In *Novaton v. State*, 634 So. 2d 607 (Fla. 1994), the Florida Supreme Court, relying on *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 762, 102 L.Ed.2d 927 (1989), discussed the "general rule" that "a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence." *Novaton*, 634 So.2d at 609. The court explained, however, an exception to this rule existed, where (1) the plea was general, rather than negotiated; (2) the double jeopardy violation was apparent from the record; and (3) nothing in the record indicated a waiver of the double jeopardy violation. *Id.* That exception did not apply in *Novaton*, because the defendant had entered into a bargained-for plea agreement. *Id.* In its decision, however, the state court noted that "Novaton neither request[ed] that [his plea] agreement be vacated nor claim[ed] that it was invalid because it was not voluntarily and intelligently entered into." *Id.*

The Supreme Court has held that a defendant, who pled guilty on the advice of counsel, may attack the voluntary and intelligent character of the plea by showing that counsel rendered ineffective assistance, described in *Strickland*. *See Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S. Ct. 366, 369-70 (1985); *see also*

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986).

7

*Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). Similarly, a Florida appellate court has explained "*Novaton* does not preclude a double jeopardy attack framed as a claim of ineffective assistance of counsel." *Rogers v. State*, 113 So.3d 960, 961 (Fla. Dist. Ct. App. 2013).

We note a COA was not explicitly granted as to whether Calhoun waived his *Strickland* claims. Nevertheless, the waiver issue is contained within the COA, because the state judge relied exclusively upon the determination Calhoun had waived the two claims at issue here. Even if we were to determine Calhoun met both prongs of *Strickland*, we would still need to address the waiver issue before granting § 2254 relief. *See Wetzel v. Lambert*, 565 U.S. ___, ___, 132 S. Ct. 1195, 1199 (2012) (vacating and remanding, where § 2254(d) deference applied, because the court of appeals did not examine "*each* ground supporting the state court decision").

Whether afforded deference under § 2254(d)(1) or not, the state judge's resolution of Calhoun's claims was unreasonable. Calhoun's Rule 3.850 petition raised his claim as one of ineffective assistance of counsel attacking the voluntary and knowing nature of his plea; therefore, his plea did not waive the claim. *See*

*Hill*, 474 U.S. at 56-59, 106 S. Ct. at 369-70; *see also Wilson*, 962 F.3d at 997; *Rogers*, So.3d at 961.

The state's argument Calhoun did not actually attack the voluntary nature of his plea falls short.  In the first paragraph of the argument section of his Rule 3.850 motion, Calhoun stated the general standard for ineffective assistance claims in the plea context, including reciting his counsel's ineffective assistance in failing to inform a defendant of a potential defense could render a plea involuntary.  Calhoun then argued his counsel rendered ineffective assistance in the body of the argument section by failing to move to dismiss the allegedly problematic counts.  While inartfully crafted, Calhoun's claim was sufficient to attack the voluntary nature of his plea by alleging counsel's ineffective assistance.

B.    Ineffective Assistance of Counsel

As he did in district court, Calhoun argues (1) his simultaneous convictions regarding Counts I and III, and Counts V and VI, violate double jeopardy protections; (2) his trial counsel performed deficiently in failing to advise him of these defenses; and (3) he would not have pled nolo contendere had he known of the potential double jeopardy defenses.  He further contends the district judge failed to engage in the appropriate analysis of the second, or prejudice, prong of *Strickland*, because the judge assessed whether Calhoun's total sentence would have been the same.  Calhoun instead argues the judge should have assessed

9

whether he would have insisted on going to trial rather than plead nolo contendere, but for counsel's deficient performance.

To prove ineffective assistance of counsel, a § 2254 petitioner must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a *Strickland* claim, a court need not address both *Strickland* prongs if the petitioner fails to satisfy either of them." *Cox v. McNeil*, 638 F.3d 1356, 1362 (11th Cir. 2011) (internal quotation marks omitted).

In the context of a guilty plea, *Strickland*'s prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59, 106 S. Ct. at 370. Thus, the § 2254 petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* The Supreme Court has explained that, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.* at 59, 106 S. Ct. at 371.

Calhoun's *Strickland* claims both fail, because he has not shown prejudice. *See Cox*, 638 F.3d at 1362. He provided no substantive argument in state court, federal district court, or this court to address meaningfully the prejudice prong with respect to either of his two ineffective-assistance-of-counsel claims. He instead asserts in cursory fashion that, had he known of the potential double jeopardy defenses, he would not have pled nolo contendere but would have insisted on going to trial on the allegedly problematic counts. While Calhoun stated in his Rule 3.850 motion he attempted to withdraw his guilty plea, he did not specifically argue that his decision was related to the alleged deficient performance of his attorney in failing to advise him of the double jeopardy defenses. Significantly, he did not allege he knew of the potential double jeopardy defenses at the time he requested his counsel move to withdraw his nolo contendere pleas.

Moreover, the record in this case casts doubt on whether Calhoun would have insisted on going to trial, even if he had known of the potential double jeopardy defenses. *See Hill*, 474 U.S. at 59, 106 S. Ct. at 370. The record shows Calhoun faced the potential for enhanced sentences as a prison-releasee reoffender and a habitual-violent-felony offender, which exposed him to the potential of life imprisonment. Calhoun's counsel successfully negotiated a plea in which Calhoun received a total of 20 years of imprisonment, the mandatory minimum as to Count I, for all 17 offenses to which he pled nolo contendere. While the pertinent inquiry

11

under *Hill* is whether Calhoun would have insisted on going to trial rather than plead nolo contendere but for his counsel's alleged deficient performance, this record contains no support for that proposition beyond Calhoun's present representation. Consequently, Calhoun has failed to show a reasonable probability that, but for counsel's allegedly deficient performance, he would have insisted on going to trial, because (1) his double jeopardy defenses likely would not have lowered his sentencing exposure, and (2) the plea he had obtained afforded him the lowest possible sentence. *See Hill*, 474 U.S. at 59, 106 S. Ct. at 370.

Calhoun's argument concerning alleged deficiencies in the district judge's analysis of *Strickland*'s prejudice prong is unconvincing. Even if the judge erred as Calhoun contends, Calhoun has provided no meaningful reference to the record to support his conclusory claim of prejudice under *Hill* and *Strickland*; our analysis of the record has revealed no such support. Because Calhoun has failed to show prejudice, we affirm the denial his § 2254 petition without consideration of *Strickland*'s performance prong. *See Cox*, 638 F.3d at 1362.

**AFFIRMED.**