DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CEYRON PASCOE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-0010

[August 2, 2017]

Appeal of order denying rule 3.801 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan Jr., Judge; L.T. Case No. 15-8597CF10A.

Ceyron Pascoe, Jasper, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant challenges the denial of his postconviction motion for additional jail credit brought pursuant to Florida Rule of Criminal Procedure 3.801. We reverse and remand.

Appellant seeks additional jail credit in accordance with a plea agreement. The State represents that the sentencing court awarded appellant the credit he seeks consistent with his plea; therefore, he must seek relief through the Department of Corrections. *Cooper v. State*, 186 So. 3d 1115 (Fla. 4th DCA 2016). The trial court summarily denied the legally sufficient motion without explaining or attaching record documents to refute the claim of entitlement to credit. *Shea v. State*, 97 So. 3d 861, 862 (Fla. 4th DCA 2012) (recognizing that this practice is improper).

While the State furnishes the sentencing documents to this Court, it is not permitted to supplement the record on appeal. *Vega v. State*, 110 So. 3d 965 (Fla. 4th DCA 2013); *Runge v. State*, 24 So. 3d 768, 769 (Fla. 4th DCA 2009). Consequently, we reverse and remand. Should the trial court

summarily deny this claim again, it must attach record documents conclusively demonstrating that appellant received all of the jail credit such that his proper remedy is with the Department. *Cooper,* 186 So. 3d at 1115.

*Reversed and remanded.*

DAMOORGIAN, CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2