# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1119
Lower Tribunal No. 07-22156B

_____

**Cesar Ruiz,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Law Office of Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before LAGOA, EMAS and SCALES, JJ.

SCALES, J.

Cesar Ruiz appeals the trial court's summary denial of his amended motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, which raised multiple claims of ineffective assistance of trial counsel. For the following reasons, we affirm the summary denial as to those claims that the defendant has elected not to challenge on this appeal, and reverse as to the remainder for further proceedings consistent with this opinion.

On May 28, 2015, Ruiz filed a timely rule 3.850 *pro se* motion alleging twenty-two separate grounds of ineffective assistance of trial counsel in conclusory fashion. The State filed a response. Ruiz thereafter retained private counsel, who, on December 10, 2015, filed an amended rule 3.850 motion that incorporated Ruiz's prior *pro se* motion, but set forth the specific grounds as to why Ruiz was entitled to an evidentiary hearing on only certain of those claims – specifically, claims Three, Five, Six, Ten, Thirteen, Fourteen, Sixteen, Eighteen, Nineteen, Twenty, and Twenty-One. The amended motion also set forth two additional claims for ineffective assistance of counsel – ground A and ground B. The State filed an amended response that addressed grounds A and B, but which was otherwise identical to its previous response to Ruiz's *pro se* motion. The State also attached those portions of the record that purportedly refuted certain, but not all, of these claims.

On April 15, 2016, the trial court entered the subject order summarily denying Ruiz's amended rule 3.850 motion, incorporating the State's amended response and record attachments. In his brief on this appeal, Ruiz does not challenge the trial court's summary denial of claims One, Two, Four, Seven, Eight, Nine, Eleven, Twelve, Fifteen, Seventeen and Twenty-Two that were initially raised in Ruiz's *pro se* rule 3.850 motion, and that were incorporated, but not addressed, in his amended rule 3.580 motion. We therefore affirm the denial of these claims without discussion. See Prince v. State, 40 So. 3d 11, 13 (Fla. 4th DCA 2010) ("In appeals from the summary denial of Rule 3.850 motions, the rules do not require briefs. . . . An appellant who presents no argument as to why a trial court's ruling is incorrect on an issue has abandoned the issue – essentially conceding that denial was correct.") (citation omitted).

As to the remaining claims alleging ineffective assistance of counsel – Three, Five, Six, Ten, Thirteen, Fourteen, Sixteen, Eighteen, Nineteen, Twenty, Twenty-One, and grounds A and B – because the trial court's order did not specifically address any of these claims in a manner from which we can determine the lower court's precise reason for denying each claim, we must reverse. See Runge v. State, 24 So. 3d 768, 769 (Fla. 4th DCA 2009) ("[T]he trial court's order did not address any of the claims raised with any degree of specificity. . . . As such,

3

we cannot determine the precise grounds assigned by the trial court for its denial of the specific grounds in question.).[1,2]

We therefore: (i) affirm that portion of the trial court's order summarily denying claims One, Two, Four, Seven, Eight, Nine, Eleven, Twelve, Fifteen, Seventeen and Twenty-Two of Ruiz's amended rule 3.850 motion; (ii) reverse that portion of the trial court's order summarily denying claims Three, Five, Six, Ten, Thirteen, Fourteen, Sixteen, Eighteen, Nineteen, Twenty, Twenty-One, and grounds A and B; and (iii) remand for the trial court to, with regard to each of the claims, either grant an evidentiary hearing, or set forth the specific basis for the denial of relief as to each claim attaching as necessary the portions of the record which conclusively show Ruiz is not entitled to relief.

Affirmed in part; reversed in part; remanded with instructions.

---

[1] The State suggests that this Court can nevertheless affirm because the order on review incorporated the State's amended response and certain portions of the record. We disagree. Aside from addressing two additional claims of ineffective assistance of counsel (grounds A and B), the State's amended response to the amended rule 3.850 motion is a mirror image of its response to Ruiz's prior *pro se* rule 3.850 motion. The amended response does not address any of the additional grounds raised in the amended rule 3.850 motion as to claims Three, Five, Six, Ten, Thirteen, Fourteen, Sixteen, Eighteen, Nineteen, Twenty and Twenty-One. The State's amended response therefore provides no clarity as to the trial court's reasons for summarily denying these claims.

[2] We note from Ruiz's reply brief that Ruiz is not seeking a remand to further amend his already once-amended rule 3.850 motion.