DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEIDREA RENAYE GRAHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-45

[May 23, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2012-CF-010107-AXXX-MB.

Deidrea Renaye Graham, Florida City, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant challenges the circuit court's summary denial of her postconviction motion filed pursuant to Florida Rule of Criminal Procedural 3.850. We reverse and remand.

She was charged with twelve counts of attempt to obtain a controlled substance by fraud, twelve counts of conspiracy to traffic in oxycodone, and twelve counts of practice of medicine without a license. She entered into a negotiated plea to one count of practicing medicine without a license, one count of the conspiracy, and to the twelve counts of attempt to obtain the controlled substance by fraud.

Appellant's motion raised double jeopardy claims and argued that trial counsel was ineffective for failing to move to dismiss several of the charged offenses on that basis before she entered the plea. The trial court neither obtained a response from the state nor attached documents to refute the claims. Rather, relying on *Novaton v. State*, 634 So. 2d 607, 609 (Fla. 1994), it determined that the claims failed as a matter of law because appellant had entered into a negotiated plea.

We disagree.  *Novaton* does not preclude a claim of ineffective assistance of counsel for failure to advise there were potential double jeopardy issues.  *Wilkerson v. State,* 128 So. 3d 189 (Fla. 5th DCA 2013); *Rogers v. State,* 113 So. 3d 960, 961 (Fla. 2d DCA 2013); *Tapp v. State,* 44 So. 3d 666, 667 (Fla. 2d DCA 2010).

This court cannot review the merits of the ineffectiveness claim without record attachments.  *See Pascoe v. State,* 225 So. 3d 344 (Fla. 4th DCA 2017); *Phillips v. State,* 229 So. 3d 426, 428 (Fla. 2d DCA 2017) (citing *Peede v. State,* 748 So. 2d 253, 257 (Fla. 1999) ("To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.").

We also recognize a pleading defect within appellant's motion in that she failed to allege clearly that she would not have pleaded if advised accordingly.  We therefore reverse and remand to allow appellant the opportunity to amend her allegations before the trial court addresses the claims.  *See Rosado v. State,* 22 So. 3d 772 (Fla. 4th DCA 2009) (holding that defendant was entitled to an opportunity to amend the motion to expressly allege that, but for the alleged errors, he would not have entered plea).

*Reversed and remanded.*

WARNER, TAYLOR and CIKLIN, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***