956 So.2d 1209 (2007)
Morris DASHER, III, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1486.
District Court of Appeal of Florida, Fifth District.
May 18, 2007.
Rehearing Denied June 6, 2007.
James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
In this Anders[1] appeal, a sentencing issue has been raised by appellate counsel. Before the initial brief was filed, appellate counsel filed a timely motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), claiming that it was a double jeopardy violation for Morris Dasher, III, to be convicted and sentenced for both grand theft and dealing in the same stolen property. Within the sixty-day period permitted by the rule, the *1210 trial court conducted a hearing and ruled from the bench that Mr. Dasher was entitled to relief. However, the written order was filed beyond the sixty-day period, and as counsel correctly observes and the State concedes, this renders the order void. See Barger v. State, 923 So.2d 597, 603 (Fla. 5th DCA 2006).
We vacate the trial judge's order correcting Mr. Dasher's sentence. In doing so, we observe that Mr. Dasher is not entitled to the relief sought under rule 3.800(b). When Mr. Dasher entered into a negotiated plea on both charges, he waived his double jeopardy objections to the sentences that were part of the plea agreement. See Novaton v. State, 634 So.2d 607 (Fla.1994). The order on Mr. Dasher's rule 3.800(b)(2) motion was entered without jurisdiction and must be stricken.
REVERSED AND REMANDED With Directions to Reinstate Original Sentence.
MONACO and EVANDER, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).