[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13260

Non-Argument Calendar

_____

JEFFREY S. JORDAN,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-01195-CEM-RMN

_____

Before WILSON, JORDAN, and LUCK, Circuit Judges.

PER CURIAM:

Jeffrey Jordan is a *pro se* Florida prisoner who is serving a 10-year sentence (to be followed by 5 years of sex offender probation and a further consecutive 15 years of sex offender probation) after pleading *nolo contendere* to two counts of lewd or lascivious conduct. He appeals the denial of his 28 U.S.C. § 2254 habeas petition, in which he argued that his two sentences for the same purported act on the same victim violated his protection against double jeopardy. Following a review of the record and the parties' briefs, we affirm the denial of habeas corpus relief on the merits.

**I**

The state first charged Mr. Jordan by information with a single felony charge of sexual battery on a child less than twelve years of age. If convicted on that charge Mr. Jordan would have faced a sentence of life imprisonment. According to the information, Mr. Jordan put his mouth or lips on the vagina of his daughter, G.M.J.

Then the state filed an amended information charging Mr. Jordan with two counts of lewd and lascivious conduct in violation of Fla. Stat. § 800.04(6)(b). According to the amended information, Mr. Jordan kissed the vagina of his daughter, G.M.J., on two separate occasions between July 8 and July 16, 2015.[1]

---

[1] Under Fla. Stat. § 800.04(6)(a), a person who "intentionally touches a person under 16 years of age in a lewd or lascivious manner . . . commits lewd or

23-13260                Opinion of the Court                3

Mr. Jordan pleaded no contest to both charges of lewd and lascivious conduct pursuant to a negotiated agreement with the state.  The agreement provided that Mr. Jordan would be sentenced to 10 years of imprisonment followed by 5 years of sex offender probation on the first charge, and would be sentenced to another 15 years of sex offender probation on the second charge (to be served consecutively to the sentence on the first charge).

At the change of plea hearing, the state court confirmed with Mr. Jordan and his counsel that there were two separate charges for lewd and lascivious conduct based on two separate instances of unlawful touching.  *See, e.g.,* D.E. 10 at 46 ("Do both attorneys agree that if the facts . . . alleged within the complaint affidavit were . . . proven beyond and to the exclusion of every reasonable doubt [they] would support a conviction of lewd and lascivious conduct by a person 18 years of age or older upon a victim 16 years of age or younger *twice*?") (emphasis added).  The complaint affidavit referenced by the state court at the hearing indicated that one evening Mr. Jordan kissed his daughter's genital area twice.  The second incident took place after the daughter had pulled her panties up and told Mr. Jordan to stop.

---

lascivious conduct."  The offense is a second-degree felony if the offender is 18 years of age or older.  *See* § 800.04(6)(b).

## II

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). If a state court has adjudicated a claim on the merits, a federal court may grant a writ of habeas corpus only if the decision of the state court (1) "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A federal claim is subject to procedural default where the state court applies an independent and adequate ground of state procedure to conclude that the petitioner's federal claim is barred. In such a case the federal court must "respect the state court's decision." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999). We have established a three-part test to determine when a state court's procedural ruling constitutes an independent and adequate state ground: (1) "the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim"; (2) "the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law"; and (3) "the state procedural rule must be adequate; *i.e.,* it must not be applied in an arbitrary or unprecedented fashion." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)

(quotation marks omitted).   A procedural default may be excused, however, if the movant establishes a showing of cause and prejudice, or a fundamental miscarriage of justice.  *See Bailey*, 172 F.3d at 1306 (quotation marks omitted).

Under Florida law, "a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence."  *Novaton v. State*, 634 So. 2d 607, 609 (Fla. 1994) (referencing *United States v. Broce*, 488 U.S. 563 (1989)); *see also Dasher v. State*, 956 So. 2d 1209, 1210 (Fla. 5th DCA 2007) (holding that, where a defendant "entered into a negotiated plea on both charges, he waived his double jeopardy objections to the sentences that were part of the plea agreement").  Florida courts, however, permit a double jeopardy challenge "when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation."  *Novaton*, 634 So. 2d at 609.

Under Supreme Court precedent, a guilty plea establishes factual guilt, and therefore all constitutional violations that are inconsistent with that factual guilt are waived by a guilty plea.  *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975).  But "a plea of guilty to a charge does not waive a claim that judged on its face the charge is one which the State may not constitutionally prosecute."  *Id.*

### III

When Mr. Jordan asserted his double jeopardy claim in the Florida courts, the circuit court denied the claim on the ground

that he had waived double jeopardy protection through his guilty (i.e., no contest) plea. *See* D.E. 10 at 145 (citing *Novaton*, 634 So. 2d at 609, and *Dasher*, 956 So. 2d at 1210). The district court denied Mr. Jordan's habeas corpus petition on this waiver (i.e., procedural bar) ground. It noted that the amended information charged two separate instances of lewd and lascivious conduct. As a result, double jeopardy was not apparent from the record.

Mr. Jordan argues that he did not waive his double jeopardy claim. He maintains that his claim is cognizable under the Supreme Court's decision in *Menna*, 423 U.S. at 62 n.2.

We assume, without deciding, that Mr. Jordan did not waive his double jeopardy claim by pleading no contest to both lewd and lascivious conduct charges. Even applying *de novo* review, *see Hayes v. Secretary*, 10 F.4th 1203, 1210 (11th Cir. 2021), we reject the double jeopardy claim. We affirm the district court's denial of habeas relief on the alternative ground urged by the state—that Mr. Jordan's double jeopardy claim fails on the merits.

As noted earlier, the two lewd and lascivious conduct charges were based on Mr. Jordan having kissed his daughter's genital area two separate times, with the second taking place after the daughter pulled up her panties and told Mr. Jordan to stop. Even though the two incidents took place on the same night, they were separate violations of § 800.04(6) as explained below.

Under Florida law, separate instances of lewd and lascivious touching constitute separate offenses even if they were committed as part of the same episode. The Florida Supreme Court has made

this point with respect to lewd and lascivious molestation under Fla. Stat. § 800.04(5)(c), and we do not see why lewd and lascivious conduct under Fla. Stat. § 800.04(6) would be any different. *See Graham v. State*, 207 So. 3d 135, 140–41 (Fla. 2016) ("The First District in the instant case correctly found that the defendant violated the lewd or lascivious molestation statute twice in one episode for the distinct acts of touching the victim's breasts and then touching the victim's buttocks. The evidence presented at trial demonstrated that on the night of September 14, the victim awoke to the sensation of someone touching her on her back and saw that it was Petitioner rubbing her under her shirt. The victim turned over and Petitioner started touching the victim's breasts under her shirt. The victim turned over once more, and felt Petitioner touching her buttocks. Based on the victim's testimony, these touches were each individual acts, committed sequentially. Under a 'distinct acts' analysis, it is clear that punishment was warranted for each individual touch.").

Where a sexual crime constitutes a "separate-act offense," double jeopardy is not violated when a defendant "engag[es] in multiple sex acts" because they "amount to multiple violations" and leave the defendant "susceptible to multiple punishments[.]" *United States v. Two Elk*, 536 F.3d 890, 899 (8th Cir. 2008). Under Florida law Mr. Jordan's two separate instances of lewd and lascivious touching constituted separate offenses even if they were committed as part of the same general episode. The two charges in the amended information, and Mr. Jordan's punishments for both of those offenses, did not violate double jeopardy. *See also United*

*States v. Bercier*, 506 F.3d 625, 634 (8th Cir. 2007) ("A number of cases have held that state court convictions for multiple sex offenses did not violate the Double Jeopardy Clause if, under state law, 'a defendant may receive multiple punishments for numerous sex offenses rapidly committed with the sole aim of sexual gratification.'") (citing a number of cases, including *Rhoden v. Rowland*, 10 F.3d 1457, 1462 (9th Cir. 1993), and *Holden v. Legursky*, 16 F.3d 57, 62 (4th Cir. 1994)).

IV

The district court's denial of Mr. Jordan's habeas corpus petition is affirmed.

**AFFIRMED.**